IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUSEN LU,<br><br>       Plaintiff,<br><br>  v.<br><br>CHINA BOWL,<br><br>       Defendant                         / | No. C-07-4979 MMC<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR IMPROPER VENUE** |

    Before the Court is plaintiff's complaint and application to proceed in forma pauperis, each filed September 26, 2007. Plaintiff alleges that during his employment as a fry cook for defendant, relatives of defendant's owner harassed him, threatened him and "regularly made ageist remarks" to him. (See Complaint at 2:17-20). Plaintiff alleges defendant's owner and manager knew of this conduct and did not act. (See id.) Defendant's address of record is in Missoula, Montana and, based on the information in the complaint, all of the events giving rise to plaintiff's claim occurred in Montana.

    "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial

district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

Plaintiff's claim is brought under Title VII of the Civil Rights Act of 1964; thus, jurisdiction is not founded solely on diversity of citizenship. Plaintiff does not allege, however, that defendant resides in the Northern District of California, that any events giving rise to his claim occurred in said district, or that defendant may be found in said district and there is no other district in which the action may otherwise be brought. Consequently, it would appear that venue is not proper in this district. See 28 U.S.C. § 1391(b).

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Accordingly, the Court hereby DIRECTS plaintiff to show cause, no later than October 18, 2007, and in writing not to exceed five pages, why the instant action should not be dismissed, without prejudice, for improper venue.[1] See Costlow v. Weeks, 790 F. 2d 1486, 1488 (9th Cir. 1986) (holding district court has "authority to raise the issue of defective venue on its own motion).

**IT IS SO ORDERED.**

Dated: October 1, 2007

MAXINE M. CHESNEY
United States District Judge

---

[1] Pending resolution of the question of venue, plaintiff's application to proceed in forma pauperis will remain under submission.