IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUSEN LU,<br><br>    Plaintiff,<br><br>  v.<br><br>CHINA BOWL,<br><br>    Defendant | No. C-07-4979 MMC<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT** |

Before the Court are plaintiff's "Response to Order Directing Plaintiff to Show Cause why Action Should Not Be Dismissed for Improper Venue" and a separate document titled "Amend Complaint to Include China Bowl's Owners and Employe" [sic], each filed October 18, 2007.

Plaintiff's alleges in his complaint that defendant discriminated against him on the basis of age while plaintiff was employed at defendant's restaurant in Montana. (See Complaint at 2:17-20). Defendant's address of record is in Missoula, Montana and, based on the information in the complaint, all of the events giving rise to plaintiff's claim occurred in Montana. As the complaint does not, on its face, specify adequate grounds for venue in this District,[1] the Court directed plaintiff to show cause, in writing, why the action should not

---

[1] "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in

be dismissed for improper venue.

In his response, plaintiff asserts he has lived in San Francisco, California since April 2007, and "desire[s] to have the action remain in this district due to [his] health, mental issues resulted from injuries [he] sustained during [his] employment at China Bowl." (See Pl.'s Resp. at 2:11-14.) Plaintiff states he "does not believe [he] will be able to receive in Montana the same kind of medical attention at a rate that [he is] now paying." (See id. at 2:16-17.) Plaintiff further states he cannot afford to travel to Montana, (see id. at 3:2), and dismissal of the action for improper venue will cause him "not to pursue legal justice that may be available," (see id. at 2:22-23). Such concerns, however, do not alter the statutory requirements for venue.

In addition, plaintiff asserts that "at least one of the owners of China Bowl (QUAN WEI HAN and MAN LI KANG, husband and wife) is not a citizen of the United States" and argues this makes venue proper in this District under 29 U.S.C. § 1391(d).[2] (See id. at 3:16-19.) Plaintiff also filed, on October 18, 2007, a document titled "Amend Complaint to Include China Bowl's Owners and Employe" (hereafter "Amend Complaint"), by which plaintiff seeks to add four individuals, including Quan Wei Han and Man Li Kang, (see Pl.'s Amend Complaint at 1.), as additional defendants.

A plaintiff may amend his complaint once as a matter of right where, as here, no responsive pleading has been filed. See Fed. R. Civ. P. 15(a). Plaintiff's "Amend Complaint," however, is deficient in both form and content. If plaintiff wishes to amend his complaint to add the above-referenced individual defendants, he must file a "First Amended Complaint," in which he sets forth all of his claims for relief, names all defendants against whom he brings his claims, and specifies which claim or claims he brings as to each

---

which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

[2] Title 28 U.S.C. § 1391(d) provides, in its entirety: "An alien may be sued in any district."

1  defendant. Additionally, for purposes of determining proper venue, plaintiff must include
2  therein an allegation of each defendant's citizenship.
3      Accordingly, the Court hereby GRANTS plaintiff leave to file a First Amended
4  Complaint, as set forth above.[3] Plaintiff's First Amended Complaint shall be filed no later
5  than November 13, 2007.
6  **IT IS SO ORDERED.**

8  Dated: October 29, 2007

   MAXINE M. CHESNEY
9  United States District Judge

---

28  [3] In light of this ruling, plaintiff's application to proceed in forma pauperis, filed September 26, 2007, remains under submission.