United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHUSEN LU,

    Plaintiff,

v.

CHINA BOWL, et al.,

    Defendants
                                /

No. C-07-4979 MMC

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT**

Before the Court are plaintiff's "Application to Proceed In Forma Pauperis," filed September 26, 2007,[1] and "First Amended Employment Discrimination Complaint," ("FAC") filed November 13, 2007.

Good cause appearing, plaintiff's application to proceed in forma pauperis is hereby GRANTED.

Pursuant to 28 U.S.C. § 1915(e), where a plaintiff proceeds in forma pauperis, the Court must dismiss the complaint if the Court determines that the plaintiff has failed to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

In his FAC, plaintiff brings employment discrimination, retaliation, and age

---

[1] Plaintiff's application to proceed in forma pauperis was taken under submission to afford plaintiff the opportunity to address the question of venue and to file an amended complaint. (See Order Directing Plaintiff to Show Cause Why Action Should not be Dismissed for Improper Venue ("Order to Show Cause"), filed October 1, 2007 at n.1; Order Granting Plaintiff Leave to File Amended Complaint, filed October 29, 2007 at n.3.)

discrimination claims against China Bowl and four individually-named defendants: Quan He Han and Ning Xi Jiang, alleged to be the owners of China Bowl, (see FAC at 5:5-7), and Quan Wei Han and Man Li Kang, alleged to be relatives of China Bowl's owners, (see id. at 6:17, 7:17).  Plaintiff alleges China Bowl's owners, relatives of the owners, and other employees "made ageist remarks about [him]" and "harassed, abused, threatened and beat [him] several times."  (See FAC at 3:21-24.)  Plaintiff asserts claims for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and, although not explicitly identified by such statute, age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq.

With respect to Quan Wei Han and Man Li Kang, plaintiff's allegations fail to state a claim upon which relief can be granted.  "Both [Title VII and the ADEA] limit civil liability to the employer."  Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993) (affirming dismissal of Title VII and ADEA discrimination and retaliation claims against individual defendant employees for failure to state claim).  Consequently, plaintiff's claims against defendants Quan Wei Han and Man Li Kang are subject to dismissal.

With respect to the remaining defendants, specifically, China Bowl, Quan He Han, and Ning Xi Jiang, plaintiff has failed to show venue is proper in this District.[2]  Plaintiff alleges an address in Missoula, Montana for "all defendants," (see FAC at 2:28-3:2), and all of the events giving rise to plaintiff's claims are alleged to have occurred in Montana, (see FAC at 3:18-4:8).  Plaintiff's allegation of venue under 28 U.S.C. § 1391(d) rests on the alienage of defendants Quan Wei Han and Man Li Kang, (see FAC at 8:5-11), who, as noted above, are not proper defendants to this action.  Moreover, venue is considered as to each defendant individually.  See Hoover Group, Inc. v. Custom Metalcraft, Inc., 84 F.3d 1408, 1410 (Fed. Cir. 1996).

---

[2] On October 1, 2007, the Court ordered plaintiff to show cause why the complaint should not be dismissed for improper venue.  (See Order to Show Cause at 2:13-17); see also Costlow v. Weeks, 790 F.2d 1486, 1488 (holding venue may be raised by Court sua sponte).

Accordingly, the above-titled action is hereby DISMISSED. With respect to China Bowl, Quan He Han, and Ning Xi Jiang, such dismissal is without prejudice to plaintiff's refiling his claims in an appropriate venue.

**IT IS SO ORDERED.**

Dated: December 7, 2007

MAXINE M. CHESNEY
United States District Judge